

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:                        Opinion No. O-5337

Re: Mortuary funds of mutual
assessment associations; whether
in view of Chapter 386, Acts of
the 48th Legislature, 1943,
(Article 5068-3, Vernon's A. C.
S) such funds or additions there-
to are taxable as income under
the Federal Revenue Act of 1936,
and related questions.

We have considered all of the questions propounded
in your letter relating to the above subject and we are of
the opinion that mortuary or relief funds of mutual assess-
ment associations, now accumulated, or contributions that
may be made thereto, should not be treated as taxable income.

This very question, involving the Texas statutes
regulating the affairs of such associations, is answered by
General Life Insurance Company v. Commissioner of Internal
Revenue, U. S. Circuit Court of Appeals for the Fifth Cir-
cuit, Opinion No. 10628, decided July 8, 1943.

Referring to the tax liability of a Texas company
mortuary fund, under the Federal Revenue Act of 1936, the
court said in part:

"* * *. The fact that it is called
a 'mortuary fund' instead of a Reserve
Fund is of no consequence. * * *"

"* * *. If it is irrevocably dedicat-
ed for the use and protection of the policy
holders, it is not income of the company.
* * *."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable O. P. Lockhart, Chairman - page 2

> ** * *. Since the reserve is held
> for the policy holders and not for the
> Company, Congress has not taxed this
> reserve as income to the Company. * * *."

The Texas Legislature knew of the efforts being made by Federal revenue agents to tax these funds. In May, 1943, it enacted the following:

> "Section 1. Any company * * * may pay
> from the mortuary or relief funds * * * any
> taxes that may be * * * required * * * be-
> cause of income to such funds."

> "Section 3. The fact that these com-
> panies * * * are threatened with taxes on
> their mortuary funds * * * creates an emer-
> gency. * * *". Chapter 386, Acts of the 48th
> Legislature. Article 5068-3, Vernon's A.C.S.

This Act, of course, merely permits the use of mortuary funds in payment of income taxes that are "required to be paid." It is not intended to relax the inviolability of such funds for any other purpose. See our Opinion No. 0-2988

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 4, 1943

By

FIRST ASSISTANT
ATTORNEY GENERAL

Elbert Hooper
Assistant

EH-MR

Enclosure

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE